UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81600-CIV-MARRA

ARTHUR GROSSMAN,

Plaintiff,

vs.

PORTER, INC. an Indiana corporation and
THUNDERBIRD PRODUCTS CORPORATION,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Porter, Inc. and Thunderbird Products Corporation's Motion to Dismiss Plaintiff's Complaint (DE 5 and 6).  The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Arthur Grossman ("Plaintiff") brings this three-count Complaint, invoking diversity jurisdiction against Defendants Porter, Inc. and Thunderbird Productions Corporation ("Defendants").  According to the Complaint, Plaintiff is a citizen and resident of Florida and Defendants are corporations with their principal places of business in Indiana.  (Compl. ¶ ¶ 3-5.) The amount in controversy exceeds $75,000.00. (Compl. ¶ 2.)

On or about March 1, 2007, Plaintiff purchased a 2007 Formula 45 Yacht manufactured and warranted by Defendants.  (Compl. ¶ 6.)  As a result of the ineffective repairs attempts made by Defendants, through its authorized dealers, the vessel cannot be utilized for the purposes

intended by Plaintiff at the time of acquisition. (Compl. ¶ 9.)  In consideration for the purchase of the vessel, Defendants issued to Plaintiffs one or more written warranties on particular items. (Compl. ¶ 10.)  Plaintiff notified Defendants and/or its authorized dealers on one or more occasions and/or formally notified Defendant by letter of Plaintiff's intention to revoke acceptance of the vessel and requested the return of all funds paid toward the vessel. (Compl. ¶ 11.)  The purchase price of the vessel was $824,680.00. (Compl. ¶ 8.)  The Complaint alleges violations of the Magnuson-Moss Federal Trade Commission Act (count one), the Florida Uniform Commercial Code (count two) and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (count three).

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants contend that the allegations of the Complaint are conclusory and threadbare.  They also contend that federal admiralty law governs this dispute, thereby preempting Plaintiff's claims under the Magnuson-Moss Act and FDUTPA.[1]

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

---

[1] This argument was raised for the first time in Defendants' reply memorandum.  As such, the Court requested a supplemental memorandum from Plaintiff on this issue (DE 15).

2

Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

A contract for repairs of an existing vessel gives rise to admiralty jurisdiction, whereas a contract to construct a new vessel does not give rise to admiralty jurisdiction.  Hatteras of Lauderdale, Inc. v. Gemini Lady, 853 F.2d 848, 849-50 (11th Cir. 1988).  "Until a vessel is completed and launched it does not become a ship in the legal sense, and therefore admiralty jurisdiction does not exist." Id. at 850 citing North Pacific Steamship Co. v. Hall Bros. Marine Railway & Shipbuilding Co., 249 U.S. 119, 127 (1918).  However, "[e]ven after a ship has been launched, but before it is sufficiently advanced to function as designed, any labor, materials, or equipment furnished to the ship that are necessary for its completion do not give rise to 'maritime' liens" because such contracts are not "maritime contracts." Chase Manhattan Fin. Svcs., Inc. v. McMillian, 896 F.2d 452, 457 (10th Cir. 1990); see also 1-XII Benedict on

Admiralty § 186 (2010).  Even when a plaintiff has alleged diversity jurisdiction, if admiralty jurisdiction also exists, federal maritime law governs the substantive issues of the case.  Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990); Lady Di Fishing Team, LLC v. Brunswick Corp., No. 3:07-cv-402-J-33TEM, 2007 WL 3202715, at * 3 (M.D. Fla. Oct. 29, 2007).

      Defendants contend that the dispute at issue involves the service and maintenance of a motor yacht and therefore invokes maritime jurisdiction. Furthermore, Defendants posit that federal maritime law preempts claims under the Magnuson-Moss Act and FDUTPA.  (Reply at 6-7.)  Defendants cite numerous cases dismissing claims brought under state unfair trade practices acts on the theory that the remedies sought under those statutes conflict with the remedies permitted under federal maritime law.  Presumably, Defendants extend their argument with respect to the remedies afforded under the Magnuson-Moss Act as well.

      Plaintiff, however, disagrees that this dispute centers around the repair of the vessel.  Instead, Plaintiff states that the issues at bar "flow from the purchase" of the vessel.  (Supplemental Response at 2.)  Plaintiff did not provide the Court with any cases addressing the interplay of FDUTPA and federal maritime law.  Plaintiff cites to Federal Insurance Co. v. Lazzara Yachts of N. Am., Inc., No. 8:09-CV-607-T-27MAP, 2010 WL 1223126 (M.D. Fla. Mar. 25, 2010) and noted that this case discussed the Magnuson-Moss Act in the context of a suit against the manufacturer of a yacht.  That case did not specifically address the issue of preemption and the Magnuson-Moss Act.

      Clearly, the Court has subject matter jurisdiction over this dispute.  The question is whether the Complaint is properly brought under diversity jurisdiction or admiralty jurisdiction.

At this point in the litigation, it is premature to make that determination.  For example, while the Complaint states that Defendants made ineffective repairs to the vessel, it is unclear when these repairs were made.  Equally unclear is whether the alleged ineffective repairs impacted the vessel's ability to discharge its function for which it was designed.  In other words, the mere use of the word "repair" does not, in and of itself, automatically make the dispute a maritime one.  A more developed factual record is necessary to resolve this question.  Once resolved, the Court can address the preemption issue either at summary judgment or trial.   Therefore, the Court will deny without prejudice Defendants' motion to dismiss count one and three of the Complaint on this basis.[2]

Turning next to Defendants' argument that the Complaint is conclusory, the Court has examined the allegations of the Complaint and agrees with Defendants in certain respects.  Plaintiff shall therefore amend the Complaint with the following directives in mind.  The Magnuson-Moss Act and the UCC claims both refer to various warranties and service contracts without providing any details regarding these warranties/contracts.  Plaintiff must amend these claims and take care to identify the warranties at issue.  See Brueggemann v. NCOA Select, Inc., No. 08-80606-CIV, 2009 WL 1873651, at * 7 (S.D. Fla. June 30, 2009) (dismissing claim for breach of express warranty and granting leave to amend to identify the warranty at issue).   With respect to the UCC claims, Plaintiff has pled breach of express warranty, implied warranty of merchantability and implied warranty of fitness for a particular purpose,  but he has failed to

---

[2] The Court has not decided the legal question of preemption of the FDUTPA and the Magnuson-Moss Act claims.  The Court notes, however, that Plaintiff has not provided conflicting authority that FDUTPA and the Magnuson-Moss Act are preempted by admiralty law.

distinguish the differing elements for these claims or provide supporting facts. Therefore, Plaintiff shall amend the Complaint and plead each of these three claims in separate counts. Lastly, the Complaint does not identify who the "authorized dealers" are, what non-conformities existed (Compl. ¶ 17) or who made the representations giving rise to the FDUTPA claim and to whom they were made (Compl. ¶ 34). Plaintiff shall correct these pleading deficiencies.

For the foregoing reasons, the Complaint is dismissed with leave to amend.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Porter, Inc. and Thunderbird Products Corporation's Motion to Dismiss Plaintiff's Complaint (DE 5 and 6) is **GRANTED**. The Complaint is **DISMISSED**. Plaintiff is granted leave to amend **within ten days of the date of entry of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of June, 2010.

_____
KENNETH A. MARRA
United States District Judge